UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | |
|---|---|
| DAVIS MELON SALES, INC., | Case No: **1:05CV2092** |
| Plaintiff, | JUDGE MANOS |
| vs. | TEMPORARY RESTRAINING ORDER |
| GREAT LAKES PRODUCE, INC.; FRANK PENAVIC II; and GEZIM SELGJEKAJ a/k/a JIM SELGJEKAJ; | |
| Defendants. | |

This matter is before the Court upon Plaintiff's Ex-Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it clearly appears from the Affidavit of Jimmie D. Davis, Jr. that

1

Plaintiff, Davis Melon Sales, Inc., is a produce dealer and trust creditor of Defendant Great Lakes Produce, Inc. ("Great Lakes Produce") under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount of $148,212.74 supplied to said Defendant as required by the PACA. It is also clear from the same Affidavit and the certification of counsel that said Defendant is in severe financial jeopardy and the PACA trust assets are being dissipated or threatened with dissipation (Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir., 1990)) and that said Defendant is not or may not be in a position to pay creditor's claim (JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir., 1990)), thereby warranting the relief requested by Plaintiff. On the basis of the pleadings, affidavit and other submissions Plaintiff has filed in this matter, it appears Plaintiff will suffer immediate and irreparable injury due to said Defendant's dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief. Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Defendant of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla., 1989). Entry of this Order without notice assures retention of the trust assets under the control of this Court which is specifically vested

with jurisdiction over the trust. 7 U.S.C. §499e(c)(5). In accord with Rule 65(b)(2), the applicant attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that Plaintiff and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Therefore, it is by the United States District Court for the Northern District of Ohio,

**ORDERED:**

1.  Defendant Great Lakes Produce, Inc. ("Great Lakes Produce"), its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with said Defendant, including Frank Penavic II and Gezim Selgjekaj a/k/a Jim Selgjekaj, are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of Plaintiff, or until further order of this Court. Under §499e(c)(2) of PACA, the assets subject to this order include all of the assets of Great Lakes Produce unless Great Lakes Produce can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided however, Great Lakes Produce may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Great Lakes Produce maintains the proceeds of such sale subject to

this Order.

2. This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3. The $148,212.74 in PACA trust assets belonging to Plaintiff and in the possession of the Defendant will serve as Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

4. This Temporary Restraining Order is entered this 31st day of August, 2005, at 3:05 ☐ a.m. ☑ p.m.

5. A hearing on Plaintiff's Motion for Preliminary Injunction is set for the 14th day of September, 2005, at 12:30 ☐ a.m. ☑ p.m. (before Judge O'Malley)

6. Plaintiff shall forthwith serve Defendants, or thier resident agent, or thier counsel, with a copy of this Order.

DONE and ORDERED, this 31st day of August, 2005, at Cleveland, Ohio.

Kathleen M. O'Malley
United States District Judge
Northern District of Ohio